## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

ANDREW CHIEN,                      )
                                   )
      Appellant,             )
                                   )
    v.                         )     Civil Action No. 3:13CV540
                                   )
RICHARD J. FREER, *et al.*,        )
                                   )
      Appellees.             )

### MEMORANDUM OPINION
### (Dismissing Appeal)

In this case, Appellant Andrew Chien ("Chien") appeals the Dismissal Order entered on July 1, 2013 by the United States Bankruptcy Court for the Eastern District of Virginia ("the Bankruptcy Court") granting Appellees' motions to strike/dismiss.

The Dismissal Order is a final order of the Bankruptcy Court, therefore this Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a)(1). Under Rule 8013 of the Federal Rules of Bankruptcy Procedure, a bankruptcy court is accorded deference and the findings of fact must only be set aside when clearly erroneous. Fed. R. Bankr. P. 8013. Therefore, the district court may reverse the bankruptcy court under the clearly erroneous standard only when the court has a "definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 575 (1985) (citation omitted). At the same time, the district court reviews the conclusions of law *de novo*. *Humboldt Express, Inc. v. Wise Co. (In re Apex Express Corp.)*, 190 F.3d 624, 630 (1999).

In its Memorandum Opinion, the Bankruptcy Court detailed the underlying case history and Chien's involvement in the matter.[1] The Court finds that the following facts, as found by the Bankruptcy Court, reflect the pertinent record for the appeal in this matter.

Fornova Pharmworld, Inc. ("Fornova") timely filed a proof of claim in the underlying bankruptcy case of Debtor Commonwealth Biotechnologies, Inc. ("CBI"). In February 2012, CBI commenced an adversary proceeding against Fornova thereby objecting to the claim it had filed in CBI's case as unfounded. On March 15, 2012, Chien, purportedly acting as a "trustee" for Fornova, filed a motion to dismiss the adversary proceeding.

Under Local Bankruptcy Rule 9010-1, because Fornova is a corporate entity and Chien is not an attorney, he was not entitled to act on Fornova's behalf. Accordingly, the Clerk of the Bankruptcy Court issued a deficiency notice thereby informing Chien that corporations are required to be represented by counsel. In spite of the notice, Chien appeared before the court for a scheduled pretrial conference on the adversary proceeding on March 20, 2012. At that conference, Chien was again advised that he must retain counsel to represent Fornova.

Chien continued to ignore the Bankruptcy Court's directive by filing a Motion to Intervene and appeared at a hearing conducted on April 25, 2012. At the hearing, the court again rejected Chien's attempt to personally represent Fornova and informed him

---

[1] The Court notes that Chien has an exceedingly litigious history, which was described in the Bankruptcy Court opinion.

that an interest in a corporation does not confer standing to appear on its behalf in a

bankruptcy case. Chien was admonished and instructed to hire counsel to represent

Fornova's interests. By an order of the court entered on May 1, 2012, Chien's Motion to

Intervene was stricken and the court ordered Chien not to appear or file pleadings on

behalf of Fornova except through counsel.

Chien continued to file pleadings on behalf of Fornova. The court therefore

entered an order to show cause why he should not be held in contempt and sanctioned for

his conduct. Chien responded with a pleading and appeared at the show cause hearing.

After considering Chien's pleadings, his testimony at the hearing, and the previous

directives and admonitions of the Bankruptcy Court and other courts, the court concluded

that Chien's actions constituted a willful and wanton disregard for its rules and orders. In

a July 27, 2012 order, the court found Chien in contempt and imposed sanctions, in

addition to denying Chien's preemptive Rule 59 motion filed following the show cause

hearing. The order again prohibited Chien from appearing or filing pleadings on behalf

of Fornova.

On August 21, 2012, CBI moved for default judgment against Fornova in the

adversary proceeding. Following the clerk's entry of default, a trial was conducted on

September 11, 2012. On October 5, 2012, the court entered an order granting judgment

by default, and disallowing and expunging the Fornova claim. Several days later, Chien

improperly filed a notice of appeal.

Following CBI's filing of its plan of reorganization and disclosure statement, Chien attempted to amend the previously expunged Fornova claim by filing a document on December 17, 2012. A few weeks later he filed a second pleading again attempting to amend the expunged claim, arguing that he had recently purchased a note from Fornova that had been made by CBI. Purporting to act now on his own behalf as a noteholder, Chien filed additional pleadings on January 29, 2013, requesting various relief including a motion to substitute himself for Fornova.

The court heard evidence on the request to be substituted for Fornova and denied Chien's request. Based on the denial of the motion to substitute, the court found that Chien lacked standing to argue any remaining matters raised in his pleadings. Chien's remaining motions for relief were denied by orders issued on March 4 and 20, 2013.

On March 29, 2013, the court entered an order confirming CBI's amended plan of reorganization. Chien then belatedly filed a motion stay the case pending his appeal of the previous order denying his request to convert the case to a Chapter 7 bankruptcy. Several weeks later, he filed an another pleading seeking additional relief. The court held a hearing and denied all of Chien's motions.

On April 26, 2013, Chien filed the underlying Complaint in this matter. On May 29, 2013, the Appellees each filed a Motion to Strike and/or Dismiss. The Bankruptcy Court held a hearing on the matter on June 29, 2013, and granted the motions on July 1, 2013, thereby dismissing Chien's Complaint. *See Chien v. Commonwealth Biotechnologies, Inc., et al. (In re Commonwealth Biotechnologies, Inc.)* 2013 Bankr.

4

LEXIS 2673 (E.D. Va. July 1, 2013).  Chien now attempts to revive the Complaint

through appeal to this Court.

The Bankruptcy Court dismissed the Complaint finding that Chien is not a proper

plaintiff to prosecute the lawsuit, either in his purported capacity as an interest or

noteholder or in his individual capacity.  Pursuant to Rule 17 of the Federal Rules of

Civil Procedure, incorporated by Rule 7017 of the Federal Rules of Bankruptcy

Procedure, "[a]n action shall be prosecuted in the name of the real party in interest."  A

"real party in interest" is one "who possesses the right to enforce the claim" as

determined according to substantive law.  *Va. Elec. & Power Co. v. Westinghouse Elec.

Corp.*, 485 F.2d 78, 83 (4th Cir. 1973); *see also Roslyn Savings Bank v. Comcoach Corp.

(In re Comcoach Corp.)*, 698 F.2d 571, 573 (2d Cir. 1983) ("Generally, the 'real party in

interest' is the one who, under the applicable substantive law, has the legal right which is

sought to be enforced or is the party entitled to bring suit.").  Therefore, a complaint is

improper when the filing party lacks the legal right to enforce the claim.

Disregarding the history of admonishments he has received, Chien filed the

Complaint on his own behalf, as the purported owner of a Fornova Note.  However,

nothing in the case has changed that could possibly affect the court's previous finding

that Chien is unable to appear or file pleadings on behalf of Fornova.  Chien is not and

cannot become a "real party in interest" to proceed on behalf of a corporate entity.

Accordingly, as the Bankrutcy Court appropriately held, Chien lacks standing to pursue

the action on behalf of Fornova.

Furthermore, Chien's attempt to proceed with the Complaint in his individual capacity also fails. The Bankruptcy Court previously found in its March 4, 2013 Memorandum Opinion that Chien is not the holder of the Fornova Note and could never have acquired the rights of a holder. Because he failed to appeal the court's order, it became a final, non-appealable order of the court. Accordingly, Chien cannot now bring this action as the individual owner of the Fornova Note.

Chien's entire participation in the underlying matter has been improper. That impropriety continues with the Complaint at issue. Chien cannot bring this action either on behalf of Fornova or in his individual capacity. Because he lacks standing, Chien's appeal must be dismissed.[2]

Additionally, in the pendency of this appeal, Chien has made numerous frivolous and frequently incoherent motions (ECF Nos. 6, 12, 16, 22, 23, 25, 26, 30, 41, 42, 45, 46). For the reasons stated herein, Chien lacks standing to proceed in this matter and therefore each of those motions must be denied.

Furthermore, Chien has continued to file frivolous motions in the face of the court's admonitions and the Court finds that left unchecked, Chien's endless pattern of filing motions will continue to burden the Court, the clerks' offices, and the defendants. Therefore, Chien shall no longer be permitted to file any pleadings or make any

---

[2] "[S]tanding implicates this court's subject matter jurisdiction, and it may therefore be appropriately considered on appeal." *Long Term Care Partners, LLC v. United States*, 516 F.3d 225, 230 (4th Cir. 2008). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) (incorporated by Fed. R. Bankr. P. 7012).

6

appearances in this matter or in the underlying bankruptcy case without first either (a)

retaining counsel or (b) receiving leave of court.

An Appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Dated: August 14, 2014
Richmond, Virginia

7